UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMISO LEE,

        Plaintiff,                                            CASE NO. 25cv518

v.

EVAN OLSON, and
DEXTER SCHLEIS

        Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Evan Olson and Dexter Schleis, by their attorneys, WIRTH + BAYNARD, submit their Answer and Affirmative Defenses to Plaintiff's Complaint (Dkt. No. 3) as follows:

### I.    INTRODUCTION

1. Answering paragraph 1, deny that on April 5, 2022, Plaintiff Damiso Lee (then a teenager) drove to a customer's house to deliver a food order.

2. Answering paragraph 2, deny.

3. Answering paragraph 3, deny the characterization that Defendants Olson and Schleis rushed at Lee with their guns drawn. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore deny and put Plaintiff to his proof.

4. Answering paragraph 4, deny that these responding Defendants violated any law or legal duty as alleged, or otherwise.

5. Answering paragraph 5, deny.

6. Answering paragraph 6, deny.

## II. THE PARTIES

**A.  The Plaintiff**

7.  Answering paragraph 7, upon information and belief, admit.

**B.  The Defendants**

8.  Answering paragraph 8, admit.

9.  Answering paragraph 9, admit.

## III.  JURISDICTION AND VENUE

10. Answering paragraph 10, affirmatively assert that the United States District Court for the Eastern District of Wisconsin has original jurisdiction over Plaintiff's federal civil rights claim pursuant to 28 U.S.C. § 1331 (federal question) and §1343(a)(3)(42 U.S.C 1983 jurisdiction) and supplemental jurisdiction over any other claims.

11. Answering paragraph 11, affirmatively assert that the proper venue for Plaintiff's claim is the United States District Court for the Eastern District of Wisconsin.

## IV.  THE FACTS

12. Answering paragraph 12, upon information and belief, deny.

13. Answering paragraph 13, deny that Defendants Olson and Schleis rushed at Lee with their guns drawn. As to the remaining allegations, lack knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore deny and put Plaintiff to his proof.

14. Answering paragraph 14, lack knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore deny and put Plaintiff to his proof.

15. Answering paragraph 15, upon information and belief, admit Lee tripped as he fled.

16. Answering paragraph 16, lack knowledge and information sufficient to form a belief as to the truth of the allegations, and therefore deny and put Plaintiff to his proof.

17. Answering paragraph 17, deny.

18. Answering paragraph 18, deny that Defendants used excessive force and further deny that these Defendants caused a constitutional injury to Plaintiff, and deny Lee was delivering food. As to the remaining allegations, lack information and knowledge sufficient to form a belief as to the truth of the allegations, and therefore, deny and put Plaintiff to his proof.

## V. THE CLAIMS

19. Answering paragraph 19, Defendants reallege and incorporate, as though more fully set forth herein, the responses to paragraphs 1 through 18 of the Complaint.

20. Answering paragraph 20, deny Defendant Olson caused a constitutional injury to Plaintiff, and deny liability to the plaintiff as alleged or otherwise.

21. Answering paragraph 21, deny Defendant Schleis caused a constitutional injury to Plaintiff, and deny liability to the plaintiff as alleged or otherwise.

22. Answering paragraph 22, deny any misconduct on the part of these responding Defendants, and deny liability to the Plaintiffs as alleged or otherwise.

23. Answering paragraph 23, deny any misconduct on the part of these responding Defendants, and deny liability

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Any injuries or damages suffered by Plaintiff were caused by his own conduct and/or the conduct and contributory negligence of a third party other than the Defendants.

4. Plaintiff may have failed to mitigate his damages.

5. The conduct attributed to these responding defendants did not constitute any violation of a cognizable constitutional right, and this action must be summarily dismissed.

6. All of the acts of the responding Defendants were undertaken in good faith and not motivated by malice or the intent to harm.

7. The defendants are not liable under 42 USC §1983 because their actions were constitutional under the circumstances or exigent circumstances and did not compromise or deprive the plaintiff of any rights.

8. The defendants acted at all times reasonably and with a good faith belief that their actions were lawful and were not in violation of any federal or state constitutional right.

9. Plaintiff is not entitled to punitive damages.

10. The defendants acted within the discretionary scope of their authority as public officials in response to the circumstances and/or exigent circumstances.

11. Defendants are entitled to discretionary act immunity.

12. Defendants are entitled to qualified immunity.

13. The actions of the responding individual defendants were objectively reasonable, and they are entitled to immunity and/or qualified immunity from claims, as well as limitations on actions and damages, as provided by Wisconsin Statutes, by federal regulations, and by operation of state and federal common law.

**WHEREFORE**, Defendants request judgment as follows:

1. Dismissing the Complaint of the Plaintiff on its merits, together with costs and disbursements as well as attorney's fees in favor of the Defendants.

2. For such other further relief as the Court may deem just and equitable and to which the Defendants are entitled.

Dated at Wauwatosa, Wisconsin, this 9th day of April.

WIRTH + BAYNARD
Attorneys for Defendants

By: /s/ *Jasmyne M. Baynard*
Jasmyne M. Baynard, SBN 1099898
9898 W Bluemound Road, Suite 2
Wauwatosa, WI 53226
Telephone: (414) 291-7979
E-mail: jmb@wbattys.com