UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMISO LEE,

       Plaintiff,                                        CASE NO. 25CV518

v.

EVAN OLSON, and
DEXTER SCHLEIS

       Defendants.

## JOINT RULE 26(f) REPORT

The parties submit the proposed Discovery Plan below pursuant to Rule 26(f), Fed. R. Civ. P. The parties communicated on May 5, 2025, to agree on this proposed plan.

**I.**     **NATURE OF THE CASE**

The Plaintiff alleges that the Defendants, Officers Evan Olson and Dexter Schleis, violated his rights to be free of excessive force under the laws as secured by the Fourth Amendment of the United States Constitution. The Defendants deny the allegation and affirmatively allege that their conduct was privileged and that they are entitled to the defense of qualified immunity.

**II.**     **DISCOVERY PLAN**

    **A. Rule 26(a) Disclosures.**

The parties have agreed to make their initial disclosures pursuant to Fed. R. Civ. P. 26(a) at the time designated in the proposed Schedule set forth below.

    **B. Discovery Subjects and Scheduling.**

The parties anticipate that discovery will be required as to liability, defendant's affirmative defenses, and damages, and that discovery of any expert witnesses will also be required. The parties do not believe it is necessary to phase or limit discovery. The parties propose that deadlines

for disclosing expert witnesses and for discovery be set at the times designated in the proposed Schedule.

### C. Electronic Discovery.

The parties do not anticipate any disputes regarding the production of electronically stored information ("ESI"). The parties agree to make good-faith efforts to resolve any ESI-related issues before raising such issues with the Court.

### D. Claims of Privilege and Confidentiality.

The parties agree to make good-faith efforts to resolve any disputes over claims of confidentiality and privilege before submitting such disputes to the Court.

### E. Limits on Discovery.

The parties expect to follow Fed. R. Civ. P. 33 regarding the limitation on the number of interrogatories.

The parties further agree that if at any time either side wishes to propound interrogatories or take depositions exceeding the number permitted by the Federal Rules of Civil Procedure or permitted by the Court, they shall confer and make reasonable efforts to resolve such issues by agreement before submitting such issues to the Court.

### F. Service by Fax and Mail.

The parties agree that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. Rules 5(b)(2)(E) and 6.

### G. Possibility of Simplifying Issues and Obtaining Admissions and Stipulations.

At this time, the parties are not yet in a position to determine appropriate admissions or stipulations; however, they have agreed to further discuss such admissions and stipulations as discovery proceeds.

**H. Estimated Length of Trial.**

The parties cannot estimate what the length of time required for completion of the trial will be. The plaintiff will need 2 to 3 days to present their case. The defendants will also need 2 to 3 days to present their case. The parties have agreed to further discuss this issue as the case progresses.

**III. PROPOSED SCHEDULE**

The parties exchanged their respective schedules and discussed scheduling issues during their telephone meeting, and they have reached an agreement concerning all dates in the proposed schedule set forth below.

| DEADLINE | AGREED PROPOSED DEADLINE |
|---|---|
| Initial Disclosures under Rule 26(a)(1) | May 30, 2025 |
| Last Day to Amend Pleadings without Leave of the Court | June 13, 2025 |
| Disclosure of Plaintiff's testifying experts and expert reports | August 15, 2025 |
| Disclosure of Defendants' testifying experts and expert reports | October 15, 2025 |
| Deadline for filing dispositive motions (all parties) | December 12, 2025 |
| Discovery closes | December 12, 2025 |
| The parties will be ready to make final pre-trial disclosures, submit pre-trial statements and *motions in limine*, and for a final pre-trial conference and trial following decision by the Court of any dispositive motions. Subject to the Court's schedule, the parties anticipate that the case will be ready for trial by **June 2026** ||

Dated this 9th day of May 2025.

          **WIRTH + BAYNARD**
          Attorneys for Defendants,

BY:   */s/ Jasmyne M. Baynard*
       Jasmyne M. Baynard, WI Bar No. 1099898
       9898 W. Bluemound Road, Suite 2
       Wauwatosa, Wisconsin 53226
       T: (414) 291-7979 / F: (414) 291-7960
       Email: jmb@wbattys.com

       **THE SULTON LAW FIRM, LLC**
       Attorneys for Plaintiff

BY:   */s/ William F. Sulton*
       William F. Sulton, WI Bar No. 1070600
       2745 N. Dr. Martin Luther King Jr. D. Suite 202
       Milwaukee, WI 53212
       T: (414) 307-4693 / F: (414) 973-8844
       Email: willliam@sultonlaw.com